# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2026

Lyle W. Cayce
Clerk

———————

No. 25-10820

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Jackson,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:88-CR-223-5

————————————————————————

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

Juan Jackson, federal prisoner # 95377-012, seeks to proceed in forma pauperis (IFP) on appeal from the order denying his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He contends that he cited extraordinary and compelling reasons justifying his release, including his post-sentencing rehabilitation, changes in the law established by *United*

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*States v. Davis*, 588 U.S. 445 (2019), and his unusually long sentence under U.S.S.G. § 1B1.13(b)(6), p.s.

Through his IFP motion, Jackson challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal citation omitted). We need not consider whether Jackson cited extraordinary and compelling reasons warranting compassionate release; for the following reasons, he fails to raise a nonfrivolous issue whether the district court abused its discretion by denying relief based upon its consideration of the 18 U.S.C. § 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *Howard*, 707 F.2d at 220.

The district court explained at length why reducing Jackson's sentence would not adequately reflect the seriousness of his offenses, promote respect for the law, provide just punishment, adequately deter criminal conduct, or protect the public from Jackson's further crimes; it also cited the violent nature and circumstances of the offenses of conviction as weighing against granting compassionate release. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). Jackson's disagreement with the district court's assessment of the § 3553(a) factors does not provide a basis for holding that the court abused its discretion. *See Chambliss*, 948 F.3d at 694.

For the foregoing reasons, we DENY the IFP motion and DISMISS the appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.